**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RONNIE MOORE,** | ) | **CASE NO. 1:11 CV 2334** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **HOUSEHOLD REALTY** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Ronnie Moore filed this action under 42 U.S.C. § 1983 against Household

Realty Corporation, c/o HSBC Consumer Lending Mortgage Services.  In the Complaint, Plaintiff

alleges that he was denied due process in a mortgage foreclosure action.  He does not specify the

relief he requests from this Court.

Plaintiff also filed an Application to Proceed *In Forma Pauperis.*  That Application is

granted.

## I.  BACKGROUND

Plaintiff's pleading, which is entitled "Complaint and Affidavit of Denial of Right to Due

Process and Trial De Novo In Admiralty," is comprised entirely of legal rhetoric.  There are very

few discernable factual allegations in the document.

Plaintiff states he brings the matter before this Court because Defendant and its counsel perpetrated a fraud on the Cuyahoga County Court of Common Pleas.  He contends "evidence to the contrary must be presented in **open** court in an evidentiary hearing to disprove the contrary." (ECF No. 1 at 1.)   He indicates he was not notified of documents "supporting answers or finding of facts or conclusions of law granting dismissal" in favor of the Defendant without being heard in open court.  (ECF No. 1 at 1.)   He asserts that summary judgment cannot be granted without a hearing and proper identification "challenged with prima facie evidence" presented to this Court alleging federal violations.  He alleges the Defendants have not entered evidence that they are not in violation of federal law.

In response, the Defendant filed a Motion to Dismiss (ECF No. 3).  In the Motion, Defendant contends Plaintiff is seeking to challenge foreclosure proceedings that were completed in the Cuyahoga County Court of Common Pleas, Case Nos. CV-10-722842 and CV-11-752292. Defendant claims it filed a foreclosure action against Plaintiff in March 2010.  Plaintiff filed an Answer and Defendant filed a Motion for Summary Judgment.  The Court granted the Motion on November 10, 2010.  The case was stayed for a period of time due to Chapter 7 bankruptcy proceedings.  The decision in the foreclosure action became final on May 9, 2011.  Plaintiff filed an Appeal to the Eighth District Court of Appeals which affirmed the trial court's judgment on July 25, 2011.

While the first case was still pending, Defendants indicated Plaintiff filed a Complaint against Defendant in the Court of Common Pleas.  Again, Defendant moved for summary judgment. The Court granted the Motion on September 22, 2011 on the ground that the action was barred by

the doctrine of *res judicata*.

Plaintiff has now filed the within action objecting to the foreclosure action. The Defendant asserts this action is barred by the doctrine of *res judicata*. Plaintiff has not responded to the Motion to Dismiss.

## II. LAW AND ANALYSIS

### Motion to Dismiss

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss a case under Federal Civil Procedure Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

-3-

### *Res Judicata*

To the extent Plaintiff is attempting to litigate a new matter already decided by the state courts, this case is barred by the doctrine of *res judicata*. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Defendant contends that the within federal court action arises entirely out of the civil action Plaintiff filed against Defendant in state court, which in turn, was filed solely to challenge the judgment of foreclosure. The Ohio courts have already determined that Plaintiff defaulted on his mortgage and the civil action filed to challenge the foreclosure was barred by the doctrine of *res judicata*. This court is bound to give full faith and credit to the decisions of those courts.

### Subject Matter Jurisdiction

To the extent Plaintiff is attempting to challenge the state court judgments against him, this Court lacks subject matter jurisdiction to entertain this matter. Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493

-4-

U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

United States District Courts do not have jurisdiction over challenges to state court decisions, even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); *see also Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district

court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*; *Tropf*, 289 F.3d at 937.

Although Plaintiff brings the present action against the mortgage company, the substance of his pleading, at best, appears to be that the state court improperly granted summary judgment in favor of Defendant in the foreclosure action and improperly granted Defendant's Motion to Dismiss in the civil action. He contends he did not receive proper notice and the judgments were not based on sufficient evidence. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state courts were mistaken in rendering their decisions against him. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted (ECF No. 2), Defendant's Motion to Dismiss (ECF No. 3) is granted and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED.**

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

<u>  S/Christopher A. Boyko      </u>
**CHRISTOPHER A. BOYKO**
**United States District Judge**

1/9/2012